UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13-CV-00217-LLK

SHERRY ANN COOPER                                                                         PLAINTIFF

v.

CAROLYN W. COLVIN                                                                     DEFENDANT
      Acting Commissioner of Social Security

## MEMORANDUM OPINION AND ORDER

Sherry Cooper filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied her application for disability benefits. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.

Plaintiff seeks review of a second decision issued by administrative law judge (ALJ) Mary S. Lassy following remand by the Appeals Council of the ALJ's first decision.

Plaintiff alleges that the ALJ did not follow the Appeals Council's Order of Remand, that the ALJ's decision is not supported by substantial evidence, and that it is not in accord with applicable legal standards. A failure to follow the Appeals Council's remand order is not a cognizable claim upon judicial review. The ALJ's decision is supported by substantial evidence.

Therefore, the Court will DENY Plaintiff's motion for summary judgment (Docket No. 10), AFFIRM the Commissioner's final decision, and DISMISS Plaintiff's complaint.

### Factual background and procedural history

Plaintiff is a younger individual, born in June, 1972. She had a car accident in approximately 2000, resulting in minor back pain, and then hurt her back at work while lifting boxes. Administrative Record (AR), p. 875. Plaintiff has since developed piriformis syndrome, which is a neuromuscular disorder that occurs when the piriformis muscle, a narrow muscle located in the buttocks, compresses

1

or irritates the sciatic nerve.  *Carrelli v. Commissioner*, 2010 WL 2993975, *1 (6th Cir.).  Plaintiff last engaged in substantial gainful activity in September, 2007.  AR, p. 25.

On March 20, 2009, Plaintiff's treating pain management physician, Monte Rommelman, completed the standard physical assessment form, finding, among other things, that Plaintiff can sit for less than about 6 hours and stand/walk for less than 2 hours in an 8-hour workday, which does not allow for any full-time work.  AR, pp. 699-700.  When asked what medical/clinical findings support these findings, Dr. Rommelman stated:  "SI [sacroiliac] joint dysfunction and piriformis spasm with increase of pain with described activities.  Pain limiting most activities but can be modulated with use of SI belt and alternating positions from sitting, standing, and walking."  AR, p. 700.

At the hearing, Plaintiff described the stretches and yoga exercises recommended by the physical therapist.  AR, p. 80.

In November, 2009, the ALJ issued a denial decision in which, among other things, the ALJ gave "little weight to Dr. Rommelman's opinion as it is unsupported by his own narratives and other evidence of record [and] [d]iagnostic studies revealed only minimal findings."  AR, p. 127.

Plaintiff simultaneously appealed the ALJ's decision and filed a new application for disability benefits.

In June, 2010, in connection with the second application at the state agency level, Plaintiff was examined by Scott Farner, M.D.  Among other things, Dr. Farner opined that Plaintiff's piriformis syndrome is a "potentially treatable condition that may improve with strengthening and weight loss [and Plaintiff can] perform [tasks] that involve sitting, standing and walking, but she may have difficulty with [tasks] that involve lifting, carrying and squatting."  AR, p. 879.

On December 2, 2010, the Appeals Council remanded Plaintiff's first claim because the ALJ's stated rationale for giving little weight to Dr. Rommelman's opinion was insubstantial:  "[I]t appears that Dr. Rommelman's opinion is supported by clinical evidence.  Dr. Rommelman submitted an MRI

showing that the claimant has left SI joint dysfunction, left piriformis syndrome, 4-5/5 motor in the bilateral lower extremities, and an antalgic gate on the right side [AR, p. 707]. [AR, p. 713] shows that the claimant has chronic sciatica and an antalgic gait on the right." AR, p. 137. The matter was remanded for "further evaluation" of Dr. Rommelman's opinion and to "[u]pdate the evidence on the claimant's medical condition to the extent required." AR, pp. 137-138.

The Commissioner consolidated and "joined" Plaintiff's two pending applications for disability benefits. AR, p. 394.

In February, 2012, the ALJ issued her decision disposing of both claims and finding that Plaintiff has not been under a disability at any time "through the date of this decision." AR, p. 40. The ALJ gave "great weight" to Dr. Farner's opinion. AR, p. 30.

While acknowledging the specific clinical findings identified by the Appeals Council, the ALJ found that "[t]he severe limitations assessed by Dr. Rommelman [which preclude an eight-hour workday] are unsupported by the objective evidence which revealed only minimal findings." AR, p. 37.

The ALJ's decision became the Commissioner's final decision, presently before this Court upon judicial review, when, in October, 2013, the Appeals Council declined to review the ALJ's decision. AR, p. 1.

Plaintiff's motion for summary judgment and the Commissioner's response in opposition[1] are at Docket Nos. 12 and 14, respectively.

Plaintiff presents five contentions upon judicial review.

### I. The ALJ properly weighed the opinion of the treating medical source.

As indicated above, Dr. Rommelman's opinion does not allow for any full-time work because he found that Plaintiff can sit for less than about 6 hours in an 8-hour workday and can stand/walk for less

---

[1] The Commissioner filed a Fact and Law Summary, which, for docketing purposes, the Court construes as a response in opposition to Plaintiff's motion for summary judgment.

than 2 hours. AR, pp. 699-700. The ALJ accepted Dr. Rommelman's opinion to the extent of the ALJ's residual functional capacity (RFC) finding, which allows for a limited range of light work. AR, p. 27.

Plaintiff argues that the ALJ's decision "does not comply with the Remand Order of the Appeals Council" and "does not comply with the required legal standards" for weighing treating source medical opinions (i.e., Dr. Rommelman's opinion). Docket 10-1, p. 4 of 15.

Plaintiff's contention that the ALJ's decision does not comply with the Remand Order is not cognizable in this judicial review. When the Appeals Council declines to review the ALJ's decision and render a new decision, as occurred in this case, the ALJ's decision becomes the Commissioner's final decision, which is the subject to judicial review. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir.1993). The Court is restricted to consideration of whether the ALJ's decision is supported by substantial evidence and is in accord with applicable legal standards. The language of an internal agency remand order does not confer additional substantive legal rights.

Plaintiff relies upon Dr. Rommelman's findings regarding her abilities to sit and stand, which, if accepted, would preclude full-time work. If Plaintiff relies on some other aspect of Dr. Rommelman's opinion, she has neither identified it specifically nor shown that its acceptance would require an ultimate finding of disability.

The opinion of a treating source[2] must be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Even if the opinion is not entitled to controlling weight, the Commissioner must determine how much weight to give it considering such factors as the length, nature, and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the opinion is supported by the

---

[2] It is debatable whether an opinion precluding all full-time work is a genuine "medical opinion" as opposed to an opinion that, if accepted, "would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d). A case-dispositive non-medical opinion "is not entitled to any particular weight." *Johnson v. Commissioner*, 535 Fed.Appx. 498, 505 (6th Cir.2013).

evidence, and the consistency of the opinion with the record as a whole. 20 C.F.R. § 404.1527(c)(2)-(6). The ALJ's written decision must give "good reasons" for the weight given to the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

The ALJ repeatedly noted the "conservative" nature of the pain management offered by Dr. Rommelman, including injection therapy (AR, pp. 29-31), and found that "[t]he severe limitations assessed by Dr. Rommelman [which preclude full-time work] are unsupported by the objective evidence which revealed only minimal findings." AR, p. 37. Plaintiff has failed to identify any objective medical or other evidence that required the ALJ to find that, despite strengthening, stretching, weight loss, use of SI belt, and other prescribed measures and notwithstanding the vocational expert's testimony that many jobs allow for alternate sitting/standing (AR, pp. 79 and 112), her piriformis syndrome would preclude eight hours of sitting/standing per workday.[3] The ALJ identified "good reasons" for her discounting Dr. Rommelman's per-se disabling findings.

Plaintiff relies on *Blakley v. Commissioner*, 581 F.3d 399 (6th Cir.2009), which held that an ALJ may not credit a non-examining state agency program physician's opinion over that of the treating physician where the non-examining source opinion was given before the treating source opinion and before hundreds of pages of treatment records came into existence, which the non-examining source could not have taken into account: "[B]ecause much of the over 300 pages of medical evidence reflects ongoing treatment and notes by Blakley's treating sources, we require some indication that the ALJ at least considered these facts before giving greater weight to an opinion that is not based on a review of a complete case record." *Id.* at 409.

*Blakley* is inapposite because the ALJ did not rely on the non-examining source opinion. The ALJ explicitly stated that she "has considered and gives little weight to the state agency physician who assessed the claimant is limited to medium work with some postural limitations [AR, pp. 550-557].

---

[3] It is debatable whether any of the evidence relied upon by Plaintiff that post-dates Dr. Rommelman's opinion, given on March 20, 2009, can properly be found to "support" that opinion.

5

Additional records have been made a part of the record since this review that reflects more limitations than determined by the state agency consultant." AR, p. 37. The ALJ concluded that Plaintiff is restricted to light work.[4]

## II. The ALJ properly weighed the opinions of the non-acceptable medical sources.

Plaintiff's second contention is that the ALJ improperly evaluated the non-acceptable medical source opinions.

The ALJ's physical RFC finding was based, in part, upon Dr. Farner's opinion. The ALJ's mental RFC finding was based upon the testimony of medical expert Tom Wagner, Ph.D.,[5] which the ALJ found to be "consistent with the objective evidence and fully persuasive." AR, p. 38.

In January, 2011, treating licensed clinical social worker (LCSW) Sonja Ramey completed the standard mental assessment form (AR, pp. 1012-1014) and, in February, 2011, treating advanced registered nurse practitioner (ARNP) Wyetha Wood completed the standard physical assessment form (AR, pp. 1024-1027).

The ALJ gave these opinions "little weight" because clinical social workers and nurse practitioners are not "acceptable medical sources" as contemplated by 20 C.F.R. § 404.1513(a) and because: "Under the current regulations, the [ALJ] has the discretion to determine the appropriate weight to accord the [non-acceptable medical source] opinion based on all the evidence before him. Therefore based on the above the [ALJ] gives less weight to this evidence than the other evidence in file." AR, p. 38.

Additionally, the ALJ discounted Ms. Ramey's findings because they "appear to be based on the claimant's subjective complaints [and] [t]he claimant only began attending counseling for clearance for lap-band surgery and has only attended a few sessions of therapy." AR, p. 38.

---

[4] The ALJ did give "great weight" to Dr. Farner's opinion that Plaintiff is able to perform work that involves sitting, standing, and walking. AR, pp. 30 and 879. However, Dr. Farner was a one-time examining source.
[5] Dr. Wagner completed the standard mental assessment form by way of memorialization of his testimony. AR, pp. 1243-1244.

Social Security Ruling (SSR) 06-3p provides that an ALJ must consider and explain the weight given to non-acceptable medical source opinions sufficiently to allow "a claimant or subsequent reviewer to follow the adjudicator's reasoning." In light of the ALJ's reliance upon the opinions of Drs. Farner and Wagner and her own independent assessment of the medical and non-medical evidence as a whole, the ALJ did not err in giving little weight to the non-acceptable medical source opinions.

Plaintiff further argues that the ALJ should have accepted Ms. Ramey's opinion of severe mental limitation because it is consistent with the global assessment of functioning (GAF) score of 52 given in February, 2011, by licensed clinical psychologist Daniel Jones, Psy.D. (AR, p. 1105). The argument is unpersuasive because a "GAF is [merely] a clinician's subjective rating, on a scale of zero to 100, of an individual's overall psychological functioning" on the occasion in question. *Kornecky v. Commissioner*, 2006 WL 305648 n. 7 (6th Cir.). An ALJ need not "put stock in a GAF score." *Id.* at *14.

### III. Plaintiff's four additional arguments are without merit.

Plaintiff third contention consists of four sub-arguments, with no apparent common thread.

First, having rejected the state agency program physician's assessment for medium work due to "additional records [that] have been made a part of the record since this review [by the program physician]" (AR, p. 37), the RFC determination was essentially left to the "will of the ALJ." Docket 10, p. 8.

RFC refers to the most a claimant can still do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The determination of RFC is "reserved to the Commissioner" based upon the medical and non-medical evidence as a whole. 20 C.F.R. § 404.1527(d)(2). "The Social Security Act instructs that the ALJ -- not a physician -- ultimately determines a claimant's RFC. ... An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Coldiron v. Commissioner*, 2010 WL 3199693, *3 (6th Cir.).

7

Second, the state agency RFCs, given in 2007 and 2008, were stale at the time of the ALJ's decision in 2012, and the ALJ should have obtained updated RFCs.

Dr. Wagner's testimony and Dr. Farner's opinion constituted updated opinions that guided the ALJ's RFC assessment.

Third, a remand for updated RFCs was required pursuant to Section I-3-711 of the Hearing, Appeals and Litigation Law Manual (HALLEX). Section I-3-711 provides for Appeals Council remand to obtain additional evidence where the most recent evidence is more than 12 months old and the file indicates that the claimant has a progressive impairment and needed and additional evidence exists.

The internal rules and procedural guidance to staff and adjudicators set forth in the HALLEX do not provide an independent basis for judicial interference with the Commissioner's final decision and are "not binding on this court." *Bowie v. Commissioner*, 539 F.3d 395, 399 (6th Cir.2008).

Fourth, the ALJ's evaluation of Plaintiff's obesity does not comport with Social Security Ruling (SSR) 02-1p.

The ALJ acknowledged that Plaintiff has severe obesity and expressly analyzed its effect upon her ability to work within the framework of SSR 02-1p. AR, pp. 25 and 34. SSR 02-1p "does not mandate a particular mode of analysis" but merely directs an ALJ to consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation. *Bledsoe v. Commissioner*, 2006 WL 229795, *3 (6th Cir.).

**IV. The ALJ's credibility assessment is supported by substantial evidence.**

Plaintiff's fourth contention is that the ALJ's pain-credibility assessment, especially in regard to her piriformis syndrome, does not comport with the requirements of SSR 96-7p.

It is the job of the ALJ to determine the credibility of subjective complaints of pain because "the ALJ's opportunity to observe the demeanor of the claimant is invaluable, and should not be discarded lightly" by a reviewing court. *Kirk v. Secretary*, 667 F.2d 524, 538 (6th Cir.1981). The ALJ may discount

8

the claimant's credibility when he "finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Commissioner*, 127 F.3d 525, 531 (6th Cir.1997). The ALJ must consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians ... and any other relevant evidence in the case record" to determine if the claimant's claims about pain levels are credible. SSR 96-7p. Where, as in this case, the objective medical evidence does not confirm the degree of pain and limitation alleged, the credibility assessment is "particularly relevant," and a reviewing court will "defer to the Commissioner's assessment when it is supported by an adequate basis." *Walters* at 531. The Court may not disturb the ALJ's credibility determination "absent compelling reason." *Smith v. Commissioner*, 307 F.3d 377, 379 (6th Cir.2001).

Plaintiff has failed to identify a compelling reason for disturbing the ALJ's pain-credibility assessment.

### V. The Court does not reach the question of the appropriate remedy.

Plaintiff's fifth and final contention is that the appropriate remedy in this case is a judicial payment of disability benefits as opposed to a remand for further administrative proceedings.

"If a court determines that substantial evidence does not support the [Commissioner's] decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir.1994).

The Court does not reach the question of the remedy because it finds that the Commissioner's decision is supported by substantial evidence.

## **ORDER**

For the foregoing reasons, the Court DENIES Plaintiff's motion for summary judgment (Docket No. 10), AFFIRMS the Commissioner's final decision, and DISMISSES Plaintiff's complaint.